IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TETRA K. HARRISON,                          :

    Plaintiff,

v.                                          :     Case No. 3:19-cv-253

COMMISSIONER OF SOCIAL                              JUDGE WALTER H. RICE
SECURITY,                                   :

    Defendant.                              :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #16); OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S OBJECTIONS THERETO (DOC. #17); REVERSING ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE AND REMANDING CAPTIONED CAUSE TO COMMISSIONER UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR A DETERMINATION OF WHETHER PLAINTIFF'S SUBSTANCE ABUSE DISORDER IS A CONTRIBUTING FACTOR MATERIAL TO THE DETERMINATION OF HER DISABILITY; ORDERING HEARING DATE TO BE SET WITHIN 30 DAYS AFTER RECEIPT OF REMAND ORDER, TAKING INTO ACCOUNT 75-DAY NOTICE REQUIREMENT; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

On July 9, 2020, Magistrate Judge Newman issued a Report and Recommendations, Doc. #16, recommending that the Court reverse the ALJ's non-disability finding as unsupported by substantial evidence, and remand the matter under Sentence Four of 42 U.S.C. § 405(g) for an administrative hearing to determine whether Plaintiff's substance abuse disorder is a contributing factor material to the determination of her disability. Given that Plaintiff's claim has

already been pending for eight years, he directed that the hearing take place within 30 days.

This matter is currently before the Court on Defendant's Objections to the Report and Recommendations, Doc. #17.  Defendant argues that the ALJ's non-disability finding was supported by substantial evidence and should be affirmed.  In the alternative, Defendant objects to the directive to hold a hearing within 30 days.

Plaintiff filed a Response to Defendant's Objections, Doc. #18, urging the Court to adopt the Report and Recommendations in its entirety.  In the alternative, Plaintiff suggests that no additional administrative hearing is needed given that, to date, no one has found her substance abuse to be a contributing material factor. She maintains that because there is no factual dispute on that issue, and because evidence of her disability is overwhelming, the Court should simply order an immediate award of benefits.

Based on the reasoning and citations of authority set forth by Magistrate Judge Newman in his Report and Recommendations, Doc. #15, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing to the extent that it finds that the ALJ failed to give controlling weight to the opinions of Plaintiff's treating psychiatrists, Kalpana Vishnupad, M.D., and Sunita Agarwal, M.D., and gave too much weight to the opinions of non-examining record-reviewing psychologists Aracelis Rivera, Psy.D., and Janet Souder, Psy.D.  The Court OVERRULES Defendant's Objections on this

2

issue, and REVERSES the ALJ's non-disability finding as unsupported by substantial evidence.

The Court must next determine whether a fifth administrative hearing is needed. The ALJ found that Plaintiff's substance abuse disorder constituted a "severe impairment" at Step Two in the analysis, and throughout the Decision, the ALJ cites to medical records documenting Plaintiff's ongoing battle with alcoholism and drug abuse.

Federal regulations provide that "[i]f we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness." 20 C.F.R. § 416.935(a). The "key factor" is "whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. § 416.935(b)(1). If the claimant is disabled, and drug addiction or alcoholism is a contributing factor material to the determination of disability, the claimant must participate in appropriate treatment in order to be paid benefits. 20 C.F.R. § 416.936.

Plaintiff correctly notes that "at no point during these unfortunately long proceedings, has anybody from Social Security found Ms. Harrison's substance abuse issue to be a contributing material factor." Doc. #18, PageID#3288. The Court, however, rejects Plaintiff's argument that this means that the issue "has already been resolved." Doc. #18, PageID#3288. Rather, the issue has never

been addressed by Defendant because a § 416.935 analysis is triggered only "if we find that you are disabled," and Plaintiff has never been adjudicated "disabled."

Accordingly, now that the Court has reversed the non-disability finding, the matter must be REMANDED to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for a determination of whether Plaintiff's substance abuse disorder is a contributing factor material to the determination of her disability. The Court ADOPTS the Report and Recommendations on this issue.

The Court, however, SUSTAINS Defendant's Objection and REJECTS the Report and Recommendations to the extent that Magistrate Judge Newman directs an administrative hearing to be held within the next 30 days. Defendant notes that such an order conflicts with regulations requiring the Commissioner to give the claimant at least 75 days' notice prior to any hearing. 20 C.F.R. § 416.1438(a). This time frame gives both the agency and the claimant ample time to prepare for the hearing.

Nevertheless, Defendant has submitted a Declaration of Victor Glowacki, Regional Director for Operations and Administration of the Social Security Administration, Region 5 Office of Hearings Operations ("OHO"). Doc. #17-1. Given the length of time that Plaintiff's claim has been pending, Mr. Glowacki ensures that, within 30 days from the date his office receives the Remand Order from the Office of Appellate Operations ("OAO"), his office will set a hearing date

that gives Plaintiff 75-days advance notice. *Id.* at PageID#3278.[1] In the Court's view, this is an acceptable compromise that accommodates the relevant interests of all concerned.

For the reasons explained above, the Report and Recommendations, Doc. #16, are ADOPTED IN PART and REJECTED IN PART. Defendant's Objections, Doc. #17, are OVERRULED IN PART and SUSTAINED IN PART.

The Court REVERSES the ALJ's non-disability finding as unsupported by substantial evidence. The Court REMANDS the matter to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for a determination, under 20 C.F.R. § 416.935, of whether Plaintiff's substance abuse disorder is a contributing factor material to the determination of her disability. The Court ORDERS that the date of the administrative hearing be set within 30 days after the OHO receives the Remand Order, and that the hearing be scheduled as soon as possible, taking the 75-day notice requirement into account.

Judgment shall be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[1] Glowacki notes that, due to COVID-19 restrictions, Plaintiff will have to agree to a telephonic hearing.

5

Date: October 28, 2020            _[signature]_ (tp - per Judge Rice authorization after his review)
                                  WALTER H. RICE
                                  UNITED STATES DISTRICT JUDGE

_[signature]_ (tp - per Judge Rice authorization after his review)